# COMPOSITE EXHIBIT 1

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI COUNTY, FLORIDA

CASE NO.: 2018-016656-CA-01

JOSE ANTONIO VIZCAY LALONDRIZ,
and other similarly situated individuals,
    Plaintiff,

v.

CITY OF HIALEAH, FLORIDA

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, **JOSE ANTONIO VIZCAY LALONDRIZ** ("Plaintiff") by and through the undersigned counsel, hereby sue Defendant, **CITY OF HIALEAH** ("Defendant") and in support avers as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $15,000.00 excluding attorneys' fees or costs for damages as a result of discrimination predicated Plaintiff's disability and age in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and Florida common laws.

2. The jurisdiction of the Court over this controversy is based upon FCRA and the FLSA

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Further, Plaintiff is a covered employee for purposes of the FCRA and the FLSA.

4. Defendant is a municipality located within Miami-Dade County, thus within the jurisdiction of this court.

5. Defendant is accordingly an "employer" as defined by the FCRA and FLSA.

6. Venue is proper in Miami-Dade because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, payment was due in Miami Dade County, the discriminatory acts took place in Miami Dade County, and damages are due and owing in Miami-Dade County.

7. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Miami-Dade County Commission on Human Relations ("MDCCHR"), and Florida Commission on Human rights ("FCHR") on October 10, 2017 claiming age and disability. *See* Exhibit A.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed with Defendant from approximately November 30, 2015 until September 28, 2017.

10. On or about 2016, Plaintiff was diagnosed with Prostate Cancer and had a surgery for the removal of his prostate on or about November 17, 2016.

11. Consequently, Plaintiff became disabled and/or perceived disabled because Plaintiff was suffering from Prostate Cancer and had to be placed on light duty due to the extent of the surgery and needed occasional visit to his Doctor's for follow-ups.

12. Throughout Plaintiff's employment, he always expressed his interest to work full time to his Supervisor, Lisandra Macias ("Ms. Macias"), although, Plaintiff was hired to work part-time, which is approximately twenty-four (24) hours per week.

13. After Plaintiff's numerous requests to be changed to a full-time employee, Ms. Macias stated that she would advise Plaintiff upon a position opening.

14. However, three (3) new employees, younger than Plaintiff and without a disability or perceived disability, were hired in the same department, under the same Supervision (Ms. Macias), and were given similar duties as Plaintiff but were given additional hours.

15. Moreover, on or about September 11, 2017 through September 28, 2017. Plaintiff was required to work full time due to the hurricane, Irma.

16. During the above time, Plaintiff worked approximately twelve (12) hours shift, equaling to approximately (60) hours for that week.

17. However, on or about September 16, 2017, Defendant asked Plaintiff to work that day, which was a Saturday and outside of Plaintiff's work schedule.

18. Plaintiff was exhausted and was not able to make it to work on above date and he informed his supervisor that he could not work because of his health issues.

19. Therefore, Plaintiff informed Ms. Macias of such but continued working the following days until September 28, 2017.

20. Thereafter, on or about September 28, 2017, Defendant terminated Plaintiff's employment for his absence on or about September 16, 2017.

21. Plaintiff's termination was predicated and/or motivated by his age and/or disability or perceived disability and purposeful Defendant's failure to accommodate his request to take a day off although Defendant had knowledge of Plaintiff's health restraints due to his disability.

22. Therefore, the discrimination perpetrated by Defendant was specifically due to Plaintiff's disability and age.

VIZCAY000003

23. Moreover, During the time period of, on or about, September 11, 2017 through September 28, 2017, excluding September 16, 2017, Plaintiff worked sixty (60) hours in a given workweek for which Plaintiff was not paid his overtime wages.

24. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

25. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States.

## COUNT I
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this Complaint as if set out in full herein.

27. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's disability.

28. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon disability considerations or reasons.

29. The Plaintiff is a male and former employee of Defendant and he possessed the requisite qualifications and skills to perform his position with Defendant.

VIZCAY000004

30. While employed with Defendant, Plaintiff was subjected to discrimination and harassment based on his disability.

31. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

32. Moreover, as a further result of the Defendant unlawful disability based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

33. Plaintiff was qualified for his position with Defendant.

34. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his disability in the terms, conditions, and privileges of employment.

35. Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

36. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

## COUNT II
### DISCRIMINATION BASED ON AGE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this Complaint as if set out in full herein.

38. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age.

39. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon age considerations or reasons.

40. The Plaintiff is a male and former employee of Defendant and he possessed the requisite qualifications and skills to perform his position with Defendant.

41. While employed with Defendant, Plaintiff was subjected to discrimination and harassment based on his age.

42. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

43. Moreover, as a further result of the Defendant unlawful age based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

44. Plaintiff was qualified for his position with Defendant.

45. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his age in the terms, conditions, and privileges of employment.

46. Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

47. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

G. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

H. Grant PLAINTIFF a trial by jury; and

I. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### WAGE & HOUR FEDERAL STATUTORY VIOLATION AGAINST CITY OF HIALEAH, FLORIDA

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

49. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

50. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

51. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

52. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

53. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

54. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

55. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

56. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is

equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *UNPAID WAGES*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

58. Plaintiff performed work and provided services for Defendant as described above.

59. Defendant agreed to compensation Plaintiff for the work performed and the services provided.

60. As of the filing of this complaint, Defendant has failed to pay Plaintiff all compensation owed, including unpaid minimum wages, overtime wages, bonuses/commissions, and unused paid time off, in violation of the laws of the United States and the State of Florida.

61. Plaintiff has suffered, and continues to suffer, damages as a result of Defendant's failure to pay all compensation owed.

WHEREFORE, Plaintiff seeks damages from Defendant for unpaid wages, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT V
### *QUANTUM MERUIT*

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

63. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

64. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

65. Defendant accepted Plaintiff's services to Defendant.

66. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff all compensation owed, in violation of the laws of the United States and the State of Florida.

67. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT VI
### *UNJUST ENRICHMENT*

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

69. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

70. Defendant have knowledge of the services performed and provided by Plaintiff.

71. Defendant voluntarily accepted the services performed and provided by Plaintiff.

72. Defendant unjustly benefits from the services performed and provided by Plaintiff by not properly paying Plaintiff all compensation owed, in violation of the laws of the United States and the State of Florida.

73. To the extent no adequate legal remedy exists, Plaintiff seeks damages for the value of the work performed to Defendant.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

VIZCAY000011

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 5-17-18

Respectfully submitted,

Jason Remer, Esq.
Fla. Bar No.: 0165580
**REMER & GEORGES-PIERRE, PLLC**
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

By: _____
Jason S. Remer, Esq.
Fla. Bar No.: 0165580

VIZCAY000012

# EXHIBIT A

VIZCAY000013

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA (FCHR & MDCCHR)<br>_X_ EEOC | |

Received OCT 12 2017

EEOC – U.S. Equal Employment Opportunity Commission,
FCHR—Florida Commission on Human Relations and
MDCCHR –Miami-Dade County Commission on Human Rights
*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.)<br>Mr. Jose Antonio Vizcay | Home Phone (Incl. Area Code)<br>(786) 501-0195 | Date of Birth<br>08/27/1952 |
|---|---|---|
| Street Address<br>543 W 68 Street #2 | City, State and ZIP Code<br>Hialeah, FL 33014 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>City of Hialeah, Florida | No. Employees, Members<br>50+ | Phone No. (Include Area Code)<br>305-687-2650 |
|---|---|---|
| Street Address<br>5601 E 8 Avenue | City, State and ZIP Code<br>Hialeah, FL 33013 | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br><br>___ RACE  ___ COLOR  ___ SEX  ___ RELIGION  ___ NATIONAL ORIGIN<br><br>_X_ RETALIATION  _X_ AGE  _X_ DISABILITY  ___ OTHER | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest          Latest<br>11/30/2015     09/28/2017<br><br>___ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):
I was discriminated against by my employer, the City of Hialeah, Florida (the "City") based on my age and disability. I am a 65 years old individual and have been working for this company for the last two years for the Parks and Recreation Department. The discrimination I was subject to includes, but is not limited to, the following:
On or about 2016, I was diagnosed with Prostate Cancer and had a surgery on November 17, 2016, in which my prostate was removed. Since then, I need to visit my doctor occasionally for follow ups. I went back to work on light duty and continued working as a part timer. Even though, I was hired to work part time, approximately 24 hours per week, I always expressed my interest in working full time once a position should open. I spoke to my supervisor Lisandra Macias, and I told her I was interested in working full time, Lisandra said she will let me know once a position opens. However, three new employees, younger than me, were hired and are currently working full time, in the same department I used to work at, under the same supervision and doing the same things. Lisandra favored younger employees by given them the full time positions and refused to present it to me because of my age and disability.
Additionally, from on or about September 11, 2017 to September 15, 2017, I worked approximately 60 hours per week due to the Hurricane Irma, Monday to Friday, approximately twelve (12) hours shift. I was asked to work the following Saturday September 16, 2017, and I advised my supervisor Lisandra in a timely manner that I was not able to go to work on Saturday September 16, 2017 (outside my work schedule) because I was exhausted. Therefore, I did not go to work on September 16, 2017, and continued working following the after the Hurricane 12 hours shift (daily) until September 28, 2017, when the City terminated my employment in discrimination of my age and disability. The City claimed they needed to end my employment because I failed to go to work on Saturday September 16, 2017, which I previously advised my supervisor I was not going to be able to go. The City used merely pretext reasons to terminate my employment.
I've been an exceptional employee for this company; I have not received a warning nor misbehave at the workplace. My job performance up to my termination had been satisfactory or above satisfactory. I feel that I have been discriminated against because of my age and disability, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act, and local laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br>Naomie Gaston<br>Commission #FF072280<br>Expires: Nov. 21, 2017<br>www.AARONNOTARY.com |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>X 10/10/17<br>Date      Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |

VIZCAY000014

Filing # 72600679 E-Filed 05/24/2018 09:23:49 AM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI COUNTY, FLORIDA

JUN 19 2018

CASE NO.: 2018-010050-CA-01-13

JOSE ANTONIO VIZCAY LALONDRIZ,
and other similarly situated individuals,
    Plaintiff,

v.

CITY OF HIALEAH, FLORIDA

    Defendant.

DATE 6/19/18  TIME 1:20 pm
INITIALS ___  ID# 1241
C1

_____/

SUMMONS IN A CIVIL CASE

TO: CITY OF HIALEAH, FLORIDA., ~~through Miami-Dade County Office of the Mayor:~~

~~MIAMI-DADE COUNTY OFFICE OF THE MAYOR~~
~~111 NW 1ST STREET~~
~~#2910~~
~~MIAMI, FL 33128~~

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

6/1/2018

CLERK _Gonelle Brown_ 164659

DATE

(BY) DEPUTY CLERK

VIZCAY000015